(Decided 2nd July, 1873.)

---

THE FREDERICK COUNTY MUTUAL FIRE INSURANCE COMPANY *vs.* THOMAS DEFORD, *et al.*, trading as DEFORD & CO.

*Construction of a Policy of Insurance—Admissibility of evidence— Waiver of Preliminary proof of loss.*

D. & Co. applied to the F. Co. Mut. Fire Ins. Co. for a policy of insurance. The application, dated May 2nd, 1871, proposed an insurance of $1000 on a tannery "in addition to $7000.00 on the same now in other offices:" also "an insurance of $4000 on leather and hides tanned and in process of tanning, in addition to $—— on same in other companies." On the 6th of May the Ins. Co. issued the policy. In it was *written,* "other insurances permitted without notice, but all other provisions of the by-laws retained." At the time of the application there was an insurance on the tannery of

$4000, in the name of D. & A., trustees of J., who had a lien on it for unpaid purchase money; and D. & Co. had signed an application to the P. Mut. Ins. Co. for an insurance of $3000, and had delivered it to the agent of that Company, who was the agent of the F. Co. Mut. Fire Ins. Co. also, at the same time that the application to the latter Company was delivered to him. HELD :

1st. That the clause written in the policy permitting insurance without notice is applicable to *prior* as well as *subsequent* insurances.

2nd. That evidence in regard to the insurance by the trustees was admissible, to determine the question whether D. & Co. meant to represent the insurances of $7000 as on their interest, or as a statement of the insurances generally on the property.

An Insurance Company, which has received defective preliminary proofs of loss by fire, and which has not notified the insured of the defect in a reasonable time, or made objection to the proof of loss, and which placed its denial of liability under the policy upon other distinct and independent grounds, thereby waives its right to object to the proof as defective.

APPEAL from the Circuit Court for Howard County.

This was a suit brought by the appellees against the appellant on a policy of insurance issued by the latter on the Bottle Run Tannery, in Allegany County, Maryland. The plaintiffs offered the following prayer, which the Court, (MILLER, J.,) granted :

That if the jury shall find from the evidence, that the plaintiffs, before the 17th day of July, 1871, furnished to the defendant the preliminary proof of the loss by fire of the 30th of June, 1871, offered in evidence, and that the defendant retained said proof of loss, and made to the plaintiffs no objection to the same, on the ground of any formal defect therein, and that the said defendant did not, until after the 17th day of October, 1871, make to the plaintiffs any denial of the defendant's liability for any loss on the policy of insurance offered in evidence, but merely contested the amount of the plaintiffs' claim, and refused to pay on the ground that said amount was beyond what defendant considered to be the actual loss ; and if

they shall further find, that between the said 30th of June, 1871, and the 17th of October, 1871, negotiations in regard to the amount of loss, and to ascertain the same were carried on between the said defendant and plaintiffs, and that a committee of the defendant's board of directors went to the Bottle Run Tannery on the 16th of August, 1871, to examine and ascertain the amount of the plaintiffs' loss by said fire, then the defendant cannot now object to any formal defect in said preliminary proof under their by-laws.

The defendant offered eight prayers, the first, second and third of which the Court granted, with a modification, the others, as follows. it rejected :

4. If the jury shall find the receipt by the plaintiffs of the letter of Mr. Pole, offered in evidence, and that it enclosed the application offered in evidence and signed ; and shall further find that the said application was signed by the plaintiffs and returned to the defendant, and the policy offered in evidence was thereupon issued to the plaintiffs ; and shall further find that there was, at the time said application was sent, less than seven thousand dollars of other insurance on the building or the interest of the plaintiffs therein, then the plaintiffs cannot recover, and the insurance in the name of Appold & Deford, trustees, offered in evidence, is not such an insurance as can be considered.

5. If the jury shall find the receipt by the plaintiffs of the letter of Pole, offered in evidence, and with it the application offered in evidence ; and shall further find that the application was then signed by the plaintiffs and sent to the defendant, and that the policy offered in evidence was then issued, and that before the time of the receipt by the defendant of the said application, and at the time said policy was executed, the policy of the Union Insurance Company, offered in evidence, on stock, had been obtained by the plaintiffs, then the plaintiffs cannot recover in this action.

6. That the proofs of loss furnished by the plaintiffs to the defendant are insufficient, and that there is no sufficient evidence of any waiver by the defendant of the requirements of the contract and by-laws, with regard to the said proofs.

7. If the jury find that the plaintiffs signed the application offered in evidence, and forwarded it to the defendant, and that the same was received by defendant, and is the same application referred to in the policy ; and if they shall further find, that on the 2nd day of May, 1871, the Union Insurance Company issued to the plaintiffs the policy in that Company offered in evidence, the plaintiffs are not entitled to recover.

8. That if the jury shall find that none of the parties who made the affidavit attached to the proofs of loss, offered in evidence, was an agent or attorney of the plaintiffs, and that during the time referred to in the prayers of the plaintiffs, the defendant had no knowledge or notice that no one of said affiants was in fact an agent or attorney of the plaintiffs, then the defendant cannot be regarded as having waived the defects in the proofs of loss arising out of the fact that the affidavit to the same was not made by an agent or attorney of the plaintiffs, and the plaintiffs cannot recover in this suit.

Mr. Pole, mentioned in the fourth and fifth of the foregoing prayers, was the agent of the appellant referred to in the opinion of the Court, where a statement of the case will be found

The defendant excepted to the rejection of its prayers, and to the granting of the prayer of the plaintiffs. A verdict was rendered for the plaintiffs for $5305.83, and judgment was entered accordingly. The defendant thereupon appealed.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, BRENT and ROBINSON, J.

*Wm. A. Fisher*, for the appellant.

The first exception is to the granting of the plaintiffs' first prayer.

That prayer relates to the effect of the supposed waiver by the defendant of the defects in the proofs of loss.

The prayer assumes that the insurance company is estopped by its acts from objecting to formal defects in the proofs of loss which the plaintiffs were bound to furnish under the 15th by-law. We suppose it is true, that it is the duty of an insurance company, if it intends to object to defects in the proofs of loss, to call for further and better proofs as soon as the defective proofs are furnished, and that the authorities treat its failure to notify the insured of such defects in his proofs as a waiver of objection.

But this waiver cannot be extended to embrace substantial defects in the proofs *not known to the company* when the proofs were furnished.

In this case it is proved by one of the plaintiffs that he procured the affidavits of Smouse, Shields and Topper to the proofs of loss, *and that none of them were agents of the plaintiffs.*

It was also proved, that this fact was not known to the defendant until it was proved at the trial.

It will be observed that although Boblitz, who was an agent of the plaintiffs, signed the proofs of loss, *he did not swear to them,* nor did B. F. Deford, although he was present when the affidavits were made.

There was not merely *a neglect* to comply with the 15th by-law, but a deliberate violation without any apparent reason, unless the agent and the principal were unwilling to swear to the statement, and preferred to put that responsibility upon others. *Reynolds vs. Mutual Fire Ins. Co.*, 34 *Md.*, 289 ; *Flanders on Fire Ins.*, 430.

It appears by the terms of the policy, that the application was referred to and made part of the policy.

The application therefore became a part of the policy, and the effect of the reference is a warranty on the part of the insured of the facts stated in the application. *Flanders on Fire Ins.*, 210, 211; *French vs. Chenango Ins. Co.*, 7 *Hill*, 122; *Williams vs. N. E. Mut. Fire Ins. Co.*, 31 *Maine*, 219; *Abbot vs. Shawmut F. Ins. Co.*, 3 *Allen*, 213; *Angell on Ins.*, secs. 140, 141, 142 & 143 *and note; Egan vs. Ins. Co.*, 5 *Denio*, 326.

At the time the policy was signed, the plaintiffs *had no other insurance on the building*, nor was there any insurance on it to the amount stated in the application of $7000. There was a policy of $4000 on the building held by Appold & Deford, trustees of Jones & Son, to cover their interest.

There was at the time the defendant's policy was issued, and at the date of the application, a policy of $5000 in the Union Fire Insurance Company of Baltimore, dated May 2nd, 1871, but running from May 1st 1871.

The application does not state this insurance. The warranty was thus broken, and consequently the policy was void. *Flanders on Ins.*, 205 & 92; *State Mu. Ins. Co. vs. Authur*, 6 *Casey*, 315; *Carpenter vs. Am. F. Ins. Co.*, 1 *Story*, 57; 5 *Moore & Paine*, 208.

In a mutual company, the officers cannot waive the by-laws or act otherwise than in conformity with them. *Baxter vs. Chelsea Mutual Insurance Co.*, 1 *Allen*, 294; *Mulrey vs. Shawmut Mu. Fire Ins. Co.*, 4 *Allen*, 116; *Hale vs. Mechanics Mu. Fire Ins. Co.*, 6 *Gray*, 169; *Brewer vs. Chelsea Mu. Fire Ins. Co.*, 14 *Gray*, 203; *Priest vs. Citizens Mu. Ins. Co.*, 3 *Allen*, 602.

*Thomas Donaldson*, for the appellees.

The preliminary proof was not defective. It was signed, as is apparent upon its face, by an agent of the company, was verified by affidavit, and was sent to the

defendant within thirty days after the fire occurred. If there were any defect in the preliminary proof, the facts proved, and set forth in the plaintiffs' prayer, clearly establish a waiver of the requirements of the policy. *Citizens' Fire Ins. Co. vs. Doll,* 35 *Md.,* 89; *Franklin Fire Ins. Co. vs. Chicago Ice Co.,* 36 *Md.,* 102; *Flanders on Fire Ins.,* 543–4.

The defendant's fourth prayer assumes that the statement in the application of Deford & Co., that they proposed an insurance of $1000 on the tannery, "in addition to the $7000 on same in other offices," was a *warranty* incorporated in the policy, and insists that the insurance of the trustees of $4000 on the same building, cannot be considered as part of said $7000.

This prayer was rightly rejected:

1. The application was drawn up by Pole, the company's own agent, and is to be construed most strongly against the company. As there was $4000 of insurance on the same building in the name of the trustees, and as Pole, who was Treasurer of the Planters' Mutual Company, had agreed for $3000 of insurance on that building in the last named company, the statement in the application was strictly true; and the proof in regard to these items does not contradict, vary, or add to, but only explains the terms of the application. *Plumb vs. Cataraugus Ins. Co.,* 18 *N. Y.,* 392; *Rowley vs. Empire Ins. Co.,* 36 *N. Y.,* 550; *North Amn. F. I. Co. vs. Throop,* 22 *Mich.,* 146; *Mince vs. Phœnix Ins. Co.,* 27 *Wisc.,* 693; *Reaper Ins. Co. vs. Jones, Ins. Law J.,* June, 1872, *p.* 759; *Miller vs. Mut. Ben. Life Ins. Co., Ins. L. J.,* Sept. 1871, *p.* 28; *Union Mut. Ins. Co. vs. Wilkinson,* 13 *Wall.,* 222; 2 *Am. Lead. Cases,* 916; 2 *Ins. L. J.,* 86.

2. The application did not become part of the policy. The language of the policy should rather be construed to make the *description of the property,* as contained in the application, a part of the policy. *French vs. Chenang*o

*Mut. Ins. Co.*, 7 *Hill,* (*N. Y.,*) 122 ; *Phœnix Ins. Co. vs. Slaughter,* 12 *Wall.,* 404.

And if this is the proper construction, the statement was only a representation. The question of a substantial compliance depends upon the materiality of the representation, which is a question for the jury. That it is not material in this case is very clear.

3. Even if the meaning of the policy is that the application was made part of it, it does not follow that all its statements are warranties.

Policies of insurance are to be construed like other contracts, and all parts of the instrument are to be considered, to ascertain the intention. The provision in the written part of the policy — "*All other insurances permitted without notice,*"—conclusively shows that the statement referred to was not meant to be a warranty. *Flanders on Ins.,* 43 ; *Kimball vs. Howard Ins. Co.,* 8 *Gray,* 33 ; *Blake vs. Exchange Mut. Ins. Co.,* 12 *Gray,* 265 ; *Fillebrook vs. N. E. Mut. Ins. Co.,* 37 *Maine,* 137 ; *Angell on Ins.,* sec. 143 ; *Md. Fire Ins. Co. vs. Whiteford,* 31 *Md.,* 225 ; *U. S. Ins. Co. vs. Kimberly,* 34 *Md.,* 231–2 ; *Furley vs. N. A. Fire Ins. Co.,* 25 *Ward.,* 374 ; *Washn. Ins. Co. vs. Kelly,* 32 *Md.,* 421.

The written part of the policy has greater effect than the printed parts. *Coster vs. The Phœnix Ins. Co.,* 2 *Wash. C. C. Rep.,* 51 ; 1 *Greenl. on Ev.,* sec. 278 ; 2 *Taylor's Ev.,* sec. 1033 ; *Kimball vs. Howard Ins. Co.,* 8 *Gray,* 36.

The defendant's fifth prayer assumes, that the statement in the plaintiffs' application, that they proposed "an insurance of $4000 on leather and hides tanned and in process of tanning, in addition to $—— now on same in other Companies," was a warranty incorporated in the policy, to the effect that there would be no insurance in other Companies, on the stock, at the time when the said application might reach the defendant; and charges as a

breach of the warranty the insurance on stock made with the Union Company, on the day of the date of said application.

The defendant's seventh prayer charges that the obtaining an insurance on the stock in the Union Company, on the same day as that on which the application was dated, avoided the policy in this case.

The statement of "$—— now on same in other Companies," does not necessarily import that there was no insurance on stock in other companies, but is more properly to be construed as meaning, in this case, that the amount is immaterial, under the agreement made between the parties, allowing "other insurance without notice."

ROBINSON, J., delivered the opinion of the Court.

The plaintiffs, in their application, dated May 2nd, 1871, state:

"We propose an insurance in your company on the following described property, * * * to wit: one thousand dollars on Bottle Run Tannery, in addition to the seven thousand dollars on same now in other offices," * * * also "an insurance of $4000 on leather and hides tanned and in process of tanning, in addition to $—— (dollars) on same in other companies."

On the 6th of May following, the defendant issued the policy on which this suit was brought, and in the printed body of the same was the following written clause:

"*Other insurances permitted without notice*, but all other provisions of by-laws retained."

It was proved at the trial, that on the 2nd May, 1871, a policy of $5000 on the stock of leather and hides tanned and in process of tanning, was issued by the Union Fire Insurance Company of Baltimore. The defendant's fifth prayer assumes that the application by the terms of the policy became incorporated into and formed a part of the

same, and is to be construed as a warranty of the truth of the facts therein stated as of the day when the policy attached, and if the jury should find' that *prior* to the acceptance of the defendant's policy the plaintiffs had insured the stock in the Union Company, they are not entitled to recover. Apart from the question as to whether the application is to be construed as a warranty, the prayer is based upon the general rule that the insured, by his warranty, contracts that whatever may be the state of the facts when the *application is made*, they shall be as warranted on the day when the *policy is accepted.*

Now, conceding for the purposes of this case, that the application is to be construed as a warranty, a question we are not to be understood as deciding; and further, that it attached to the policy as of the day when it was accepted by the plaintiffs, we are of opinion that it does not come within the principle of the rule thus relied on.

The application, it will be admitted, was not a warranty when it was signed and delivered to the defendant, and if it became so afterwards it was by the terms of the policy which the plaintiffs accepted. When it was, however, accepted, there was a written clause in the body of the same, providing, that " *other insurances permitted without notice.*"

Ordinarily the insurer requires notice of other insurances, both *prior* and *subsequent*—prior, in order that he may determine whether the insured has any such substantial interest in the property as will guarantee on his part vigilance and care in the preservation of the same, and *subsequent,* in order to prevent an over-insurance after the policy is issued. This is a condition, however, which the insurer may waive, and whenever a clause is inserted in the body of the policy, in these words, " *other* insurances permitted without notice," we take the rule to be, that the language thus used, is to be construed as applicable to *prior* as well as *subsequent* insurances. The

words are general and must be understood as having a general application, unless there is some other clause, showing the parties intended them to be understood in a restricted sense.   If the intention be to include only *prior* or *subsequent* insurances, then these words ought to be used, in order that it may clearly appear to which of the two reference is made.

When the policy of the defendant was accepted and the application of the plaintiffs became thereby a warranty, there was an express provision waiving all notice of either prior or subsequent insurances.   What was the necessity, then, of notifying the defendant of an insurance subsequent to the application, but prior to the issuing of the policy?   Whatever may have been the duty of the plaintiffs, apart from the terms of such a clause, it cannot be held that such notice was necessary in the face of a *waiver* so *direct* and *explicit*.   Then, again, we cannot overlook the fact, that this clause was inserted in writing in the printed body of the policy, thus showing that whatever might have been the requirements of the by-laws in regard to notice of other insurances, it was the purpose of the defendant to waive such requirements, in so far as they affected the plaintiffs ; and as a protection against over-insurance to rely upon the by-law, which provided that the policy should be null and void, if the plaintiffs insured the property above *three-fourths* of its value.   The defendant may have looked upon this provision as affording ample security against over-insurance, and it was therefore unnecessary to require notice of the same.

The seventh prayer was also properly refused, not only for the reasons above stated, but also because although the policy of the Union Fire Insurance Company was issued on the 2nd May, it does not follow that it was issued prior in point of time to the application signed by the plaintiffs' on the same day.   It may have been issued at

a subsequent hour, and the representation of a blank insurance strictly true.

In regard to the proof of loss, conceding it to be defective, we think the plaintiffs have waived the right to object to it on any such grounds. It was signed by Henry Boblitz, the general agent of the plaintiffs, and if it was not verified by his oath, such defect was apparent on the face of the paper, and it was the duty of the defendant to have notified the plaintiffs of such defect within a reasonable time, in order that they might correct the same. No objection, however, was made to the proof of loss, on this ground, but the record shows that the denial of liability under the policy was placed upon other *distinct* and *independent grounds.*

The plaintiffs in their application stated, that they proposed an insurance of one thousand dollars in addition to the *seven thousand* dollars already on the building in *other Companies.* It appears there was an insurance at that time of $4000 on the building in the name of Deford & Appold, trustees of Jones, who had a lien upon the same for unpaid purchase money, and that the plaintiffs had signed an application to the Planters' Mutual Insurance Company of Washington County, for an insurance of $3000 and had delivered the application to the *agent of the Company* who was also the *agent* of the defendant,— the insurance of the trustees and the proposed insurance thus making seven thousand dollars. The nature and character of the insurance of the trustees was known by the agent, or at least there was evidence offered to show that he was duly informed in regard thereto, and the application to the Washington County Insurance Company was of course known to him, having been made through him, and it also appears that the application was written by him and signed by the plaintiffs. The defendant's fourth prayer, asked the Court to instruct the jury, if they should find that there was at the time said appli-

cation was sent, less than *seven thousand* dollars of other insurances on the building *or the interest* of the plaintiffs, they were not entitled to recover, and that the insurance of Deford & Appold, trustees, offered in evidence is not such an insurance as could be considered. In other words, that the statement of seven thousand dollars insurances is to be considered as a warranty that there was insurances on the plaintiffs' interest to that amount, and not as a statement of the amount of insurances generally on the property—and further that in ascertaining what the plaintiffs meant, evidence in regard to the insurance of the ·trustees of Jones, was not to be considered. We are of opinion that evidence in regard to the insurance by the trustees, was admissible, and that in determining the question as to whether the plaintiffs meant to represent the insurances of seven thousand dollars as *on their interest*, or as a statement *of the insurances generally on the property*, in order that the defendant might judge whether the value of the same was fully covered by policies already issued, this evidence was to be considered by the jury. The grounds on which this evidence was admissible are stated at length under the defendant's sixth prayer in The Planters' Mutual Insurance Company of Washington County *vs.* Deford & Co., *ante,* 387, and it is unnecessary to repeat them here.

For these reasons we think the defendant's fourth, fifth, sixth, seventh and eighth prayers were properly refused, and the judgment below will be affirmed.

*Judgment affirmed.*

(Decided 2nd July, 1873.)