ABRAHAM SHERTZER *vs.* THE MUTUAL FIRE INSUR-
ANCE COMPANY OF HARFORD COUNTY.

*Demurrer—Pleading—Action on a policy of insurance to re-
cover for loss of goods by fire—Question whether an action
of covenant would lie, the terms of the policy having been
materially altered by an agreement not under seal.*

A demurrer goes back to the first error in pleading.

The plaintiff was insured by the defendant, (a fire insurance company,) "on
the contents" of a frame barn, granary and stabling situated on his land
called "Widow's Care." The property so insured was destroyed by fire,
and when so destroyed was not in the buildings in which it was at the time
the insurance was effected, but had been removed to another part of the
same tract of land which the plaintiff had subsequently purchased. The
plaintiff had applied to the defendant for permission to remove the personal
property described in his policy to that part of *Widow's Care,* which he
had so purchased and was then in his occupancy, and the defendant granted
him that privilege and right to, and *endorsed said permission upon said policy,*
and in pursuance of said permission the removal was made. The endorse-
ment of said permission was signed by the secretary of the company, *but
was not under seal,* and was in these terms: "Permission is hereby granted
to assured to remove the personal property insured within to the property
now occupied by him, and insured to J. S. by policy No. 832." One of
the conditions annexed to and made a part of the plaintiff's policy, provided
that "insurance on contents of buildings shall be taken to include every
species of personal property therein." The plaintiff having sued the com-
pany *in covenant* to recover for the loss, on demurrer HELD:

1st. That the risk which the policy covered as respects the property in ques-
tion, continued only so long as it remained in the buildings in which it
was at the time the policy was issued.

2nd. That the plaintiff therefore had no cause of action against the company
for this loss, except by virtue of the permission endorsed upon the policy.

3rd. That as there was no provision in the policy authorizing the endorse-
ment of the permission to remove the property from the original buildings,

said endorsement was a new and distinct contract by parol upon which the action of *covenant* would not lie.

This case distinguished from that of *The Md. Fire Ins. Co. vs. Gusdorf*, 43 *Md*., 506.

APPEAL from the Circuit Court for Harford County.

'The case is stated in the opinion of the Court.

The cause was submitted to BOWIE, BRENT, MILLER, ALVEY and ROBINSON, J.

*Wm. Young, S. Archer* and *Henry W. Archer* for the appellant.

The defendant was estopped by its consent to the removal, from setting it up as a defence to the action. *The Md. Fire Ins. Co. vs. Gusdorf*, 43 *Md.*, 506; *The Natl. Fire Ins. Co. vs. Crane*, 16 *Md.*, 260; *Wilkinson's Case*, 13 *Wallace*, 222.

*Wm. G. Scott* and *Henry D. Farnandis*, for the appellee.

On demurrer, the Court goes back to the first error in pleading. *State, use of Buckey, vs. Culler*, 18 *Md.*, 418.

By the terms of the policy, and the 12th condition of the policy, the insurance is general, and operative only whilst the property was in the building described. *Annapolis and Elk Ridge R. R. vs. Balto. Fire Ins. Co.*, 32 *Md.*, 37; *Md. Fire Ins. Co. vs. Gusdorf*, 43 *Md.*, 506.

The endorsement of permission is not in pursuance of any provision of the policy, and cannot be construed or sued on as part of the original contract.

In this respect it differs from the case of *Balto. Fire Ins. Co. vs. McGowan*, 16 *Md.*, 47; *Md. Fire Ins. Co. vs. Gusdorf*, 43 *Md.*, 506.

The endorsement, if it have any force, must be treated as a new contract, and not being under seal, must be sued

on in assumpsit. *Mutual Fire Ins. Co., &c., vs. Deale,*
18 *Md.,* 26 ; *Rathbone vs. City Fire Ins. Co.,* 31 *Conn.,*
193.

MILLER, J., delivered the opinion of the Court.

A practice which cannot be too highly commended, of
waving by agreement, all errors in pleading, has been
gradually growing in favor with the profession in this
State, and has prevailed especially in suits upon policies
of insurance. In this case, however, it is purely a ques-
tion of pleading that we have to decide.. The action is in
*covenant,* the policy being under seal. The defendant,
after craving *oyer,* pleaded four pleas, to the first of which
the plaintiff replied and issue was joined upon each of the
others. The defendant demurred to the replication, and
the demurrer being sustained, the plaintiff, without trial
of the issues, suffered judgment in favor of the defendant
to be entered on the demurrer, and from that judgment
has appealed. As the demurrer goes back to the declara-
tion, we need not, in the view we have taken of the case,
consider whether the replication is bad.

By the policy, dated the 28th of February, 1870, which,
with its conditions and endorsements, was produced on
*oyer,* the company insured the plaintiff, among other
sums, to the amount of $1000 " *on the contents of* " a frame
barn, granary, and stabling (which were also insured),
situated on his land, called " Widow's Care," in Harford
County, and the suit is for loss by the destruction of this
property by fire, which occurred in 1874. The declaration
admits that the property, when destroyed, was not in the
buildings in which it was at the time the insurance was
effected, but had been removed to another part of the same
tract of land which the plaintiff had subsequently pur-
chased, and avers that on the 29th of July, 1870, the
plaintiff applied to the defendant " for permission to
remove the personal property described in said policy to

that part of Widow's Care," which he had so purchased and which was then in his occupancy, " and the defendant then and there granted that privilege and right to the plaintiff and *endorsed said permission upon said policy of insurance,* and in pursuance of said permission " the removal was made. The endorsement thus made on the policy is signed by the secretary of the company, *but is not under seal,* and is in these terms : " Permission is hereby granted to assured to remove the personal property insured within to the property now occupied by him and insured to Jacob Shertzer by policy No. 832." One of the conditions annexed to and made part of the policy, provides that " insurance on contents of buildings shall be taken and construed to include every species of personal property *therein,"* and from this, in connection with the terms of insurance in the body of the policy itself, it is clear the risk which this policy covered as respects the property in question, continued only so long as it remained in the buildings in which it was at the time the policy was issued. *Annapolis and Elk Ridge Railroad Co. vs. Baltimore Fire Ins. Co.,* 32 *Md.,* 37 ; *Maryland Fire Ins. Co. vs. Gusdorf,* 43 *Md.,* 506.

It follows, therefore, that the plaintiff had no cause of action against the company for this loss except by virtue of the permission thus endorsed on the policy. The declaration, in fact, sets up this endorsement and relies upon it as the means by which the insurance, which would otherwise have been ineffectual, was extended to and continued in force as to this property, after its removal, and as this permission was not granted under the seal of the company, the inquiry arises, was *covenant* the proper form of action ? This question is in effect settled by the decision in *Deale's Case,* 18 *Md.,* 51. There the policy was under seal, and there was an endorsement upon it not under seal, but simply signed by the secretary of the company, stating that an application for additional insurance had been

granted, subject to the terms and conditions set forth in the within policy. The action was in *assumpsit* on the contract for additional insurance, and the objection there made was that it should have been in *covenant*, but the Court held that *assumpsit* and *not covenant* was the proper form, saying that "here there is nothing in the original covenant which continues it in force *as a specialty* binding the company by subsequent endorsements of additional insurance: they are new distinct contracts by parol." The Court then draw the distinction between the case before them and that of *McGowan*, in 16 *Md.*, 47, where the policy itself provided for its *continuance* after the year, so long as the premiums were paid by the assured and accepted by the company, and where it was, therefore, held that the renewal receipt did not evidence a new contract, but an extension of the original sealed contract by virtue of its own terms, and they then cite with approval and adopt *Luciani's Case*, in 2 *Whart.*, 167, where it was decided by C. J. GIBSON, that covenant could not be maintained upon an unsealed endorsement on a policy, to the effect that the insurance had been enlarged as to the amount and also as to the premium, because such an endorsement, not being provided for in the instrument itself, did not continue the policy as a specialty. So, in the case now before us, there is no provision in the policy or in any of its conditions which authorizes an endorsement like that referred to in the declaration to be made so as to continue the policy as a specialty, notwithstanding its conditions were about to be broken by the removal of the property from the original buildings. This endorsement, in our opinion, is clearly a new and distinct contract by parol, providing that the insurance shall be effective under circumstances which would otherwise have made the policy void. In other words, it is a parol agreement that the insurance shall continue after the removal upon the terms and conditions set forth in the policy, and forming, as it does, the

ground of this action, and relied on in the declaration for that purpose, covenant will not lie. Nothing to the contrary of this was decided in *Gusdorf's Case*, 43 *Md.*, 506. No question of pleading arose in that case. The action was in *assumpsit*, and all errors in pleading were waived by agreement, and the Court held that the company was *estopped* by the acts and declarations of its president from setting up as a defence to the action the fact of the removal of the goods to another building, and that permission to do so had not been endorsed in writing upon the policy according to its terms and conditions. Here the company are not attempting to deny the validity of the endorsement on which the plaintiff relies, nor its binding force upon them, but they simply say they cannot be sued on it in *covenant*, and in this, as we have shown, they are right. Taking this view of the case, it is unnecessary for us to consider other objections to the declaration presented by the argument of the appellee's counsel. This objection being fatal to the declaration, it follows that the demurrer to the replication to the defendant's first plea was well sustained, and the judgment must be affirmed.

*Judgment affirmed.*

(Decided 13th June, 1877.)