THE PRESIDENT AND DIRECTORS OF THE FIREMEN'S INSURANCE COMPANY OF BALTIMORE *vs.* SIMON W. FLOSS, HENRY M. ADLER and BENJAMIN COHEN, Co-partners, trading as S. W. FLOSS & Co. SAME *vs.* SAME.

*Contract with a Partnership—Fire Insurance Policy—Specialty—Parties—Renewal receipts—Parol contract of Insurance—Preliminary proofs of Loss—Waiver.*

If the contract on which suit is brought be with a partnership, it must appear that all who sue were partners at the time of making the contract; for one who has been subsequently admitted as a partner cannot join in the action, though it were agreed, as between the partners themselves, that he should become equally interested with the others in all the existing property and rights; unless, after the accession of the incoming partner, there has been a new and binding promise to pay to the firm as newly constituted. And this principle applies with great strictness where the contract is by specialty.

A fire insurance policy issued under seal to a firm composed of two members, covenanted for the payment of the amount insured, if the loss insured against was sustained within the term of one year from the date of the policy, which would expire at noon on the 16th of April, 1878; and that the insurance should continue and be in force, from the expiration of the time before mentioned for its duration, so long as the assured, or their assigns, should continue to pay the like premium as had been paid for the insurance; provided, that a premium for a continuance of the insurance should be actually paid by the assured, or their assigns, to the company, and such payment indorsed on the policy, or a receipt therefor given by the company. The insurance was regularly continued by the annual payment of the premiums demanded, and a renewal receipt regularly signed by the clerk of the company, though not under seal, was given therefor. All the receipts were in the same form, the last given being as follows: "Baltimore, April 16, 1886. Renewal receipt for Policy No. 49,730, subject to conditions therein. Received $15 from S. W. Floss & Co., being the premium on

twenty-five hundred dollars on mdse., (as per policy) situate at 318 W. Balto. St., insured by the Firemen's Insurance Company, which is hereby continued in force, and will terminate at 12 o'clock noon, on the 16th day of April, 1887." At the date of this last receipt, the firm was composed of the original members and one who had become a member since the date of the policy; but the firm name remained the same. Loss by fire occurred on the 30th day of April, 1886. An action in *assumpsit* was brought on the renewal receipt by the firm as constituted at the date of such receipt. HELD:

That the covenant in the policy contemplated the continuance of the contract of insurance from year to year as a specialty, and not as a parol new contract of insurance, to be evidenced by the renewal receipt, and the new member of the firm, not being a party to the contract of insurance, could not be joined in the action as co-plaintiff, nor could *assumpsit* be maintained by the partnership, as it existed at the date of the policy, for the loss sustained.

The same firm held another policy under seal, issued by the same company, prior to the admission of the new partner; but this policy contained no covenant for extension from year to year, but expressly declared that the insurance should continue for the term of one year from its date, and no longer. An action of *assumpsit* was brought on the last annual renewal receipt attached to the policy, by the firm as constituted at the date of the receipt. HELD:

1st. That the policy, as a specialty, did not admit of a continuation from year to year by a mere parol contract, and the renewal receipts, not being under seal, could not have the effect of re-executing the policy, and continuing it in force as a specialty; but they must be taken as evidence of new parol contracts for insurance made with reference to the pre-existing policy, and subject to the terms and conditions therein contained.

2nd. That the renewal receipt being treated as a parol contract of insurance made with the firm as constituted at the date thereof, and absence of notice to the company that the firm had been changed by the admission of a new member, not affecting the validity of the contract, an action thereon could be maintained.

Good faith requires of an insurance company frank and open dealing with the assured ; and, if there be any withholding or failure to disclose objections to preliminary proofs of loss beyond a reasonable time after they are furnished, or if refusal to recognize the obligation to pay, be placed upon other and distinct grounds than

alleged defects in preliminary proofs, the company will be regarded as having waived all objection that could otherwise have been taken to such preliminary proofs as furnished.

APPEALS from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, and BRYAN, J.

*John H. Thomas,* and *Geo. Hawkins Williams,* for the appellant.

All of the renewals, including the last, were continuations of the original policy, under the express terms of it. They do not profess to be anything else. They are stated to be such on the face of them. The preliminary proofs are of a loss "under Policy No. 49,730."

Cohen was not a member of the firm when the policy was executed. He did not become a member of it until the 13th of January, 1882, nearly five years after the execution of the policy. There is no proof that the appellant ever knew that he was a member. The appellant never agreed to insure him. Its first prayer ought therefore to have been granted. *Baltimore Fire Ins. Co. vs. McGowan,* 16 *Md.,* 47; *Herron vs. Peoria Ins. Co.,* 26 *Ill.,* 235; *New England Fire and Marine Ins. Co. vs. Wetmore,* 32 *Ill.,* 221, 242 *and* 243; 2 *Wood on Fire Insurance, page* 334, *sec.* 139.

The case of *Mutual Ins. Co., in Baltimore County vs. Deale,* 18 *Md.,* 26, relied on by the appellees, involved only a question of pleading: whether a contract, not under seal for additional insurance, should be sued on in assumpsit or covenant. It did not involve the question whether a contract for renewal, even if no renewal had been provided for by the policy, should be treated as

made with the parties originally insured, or with others ;. whether such a renewal should not be treated as one only between the parties to the original contract so renewed or extended.

The case of *Shertzer vs. Mutual Fire Ins. Co., of Harford County,* 46 *Md.,* 506, also relied on by the appellees, involved also only a question of pleading : whether permission to remove the property, not having been given under seal, assumpsit or covenant was the proper form of action ;. not whether any one else than the party originally insured, could recover.

Even if the renewal receipts be considered new con-- tracts, they were made with the firm, as constituted at the time of the appellant's prior dealings with it. On principle, the appellant can no more be affected by the introduction of a new member than by the withdrawal of an old one without its knowledge. Having dealt with the firm before Cohen became a member of it, the appellant,: even as to new contracts, deal with those and those only,. of whom the firm was composed at the time of the prior dealings, and of whom it had a right to believe it was still composed. *Rose, et al. vs. Coffield,* 53 *Md.,* 22, 23, 24 ;. *Story on Partnership, secs.* 161, 162 ; *Parsons on Partnership,* 412.

The policy expressly requires the preliminary proof of loss to be signed and sworn to by all of the assured. It was signed and sworn to by only one of the three plaintiffs. There may have been fraud, known to both the others, unknown to him. *Sims vs. State Ins. Co.,* 47 *Missouri,* 54 ; *Ayres vs. Hartford Fire Ins. Co.,* 17 *Iowa,.* 192 ; *O'Connor vs. Hartford Fire Ins. Co.,* 31 *Wis.,* 160.

Policy No. 51,716, as issued, was a contract with Floss and Adler, and Cohen had no interest whatever in it ; the renewal receipts set forth on their face that they were for renewal of that policy; and that *that* policy was continued in force ; and that such receipts preclude the idea.

of any other contract than the one as originally made and so renewed. *Baltimore Fire Ins. Co. vs. McGowan*, 16 *Md.*, 47 ; *Herron vs. Peoria Marine and Fire Ins. Co.*, 28 *Ill.*, 235 ; *New England Fire Ins. Co., vs. Wetmore*, 32 *Ill.*, 242.

The only difference between the two cases is that policy No. 49,730, provides expressly for its renewal policy No. 51,716 does not. That difference can only affect the question of pleading, whether assumpsit or covenant be the proper form of action. It cannot affect the question whether the renewal contract was made only with the parties to the policy which was renewed, or whether it was made with another who had no connection with the original policy.

*Thomas W. Hall*, for the appellees.

Suit in the present cases was properly brought, and assumpsit and not covenant was the proper form of action. *Baltimore Fire Ins. Co. vs. McGowan*, 16 *Md.*, 47, 54 ; *Mutual Fire Ins. Co. vs. Deale*, 18 *Md.*, 26, 52 ; *Annapolis and Elkridge R. R. Co., vs. Baltimore Fire Ins. Co.*, 32 *Md.*, 37; *Maryland Fire Ins. Co. vs. Gusdorf*, 43 *Md.*, 506; *Shertzer vs. Mutual Fire Ins. Co.*, 46 *Md.*, 506, 509, 510.

The contract sued on was the contract entered into with the present plaintiffs, with the firm of S. W. Floss & Co., which paid the last premium, and which owned the goods which were burned—the firm which the defendant expressly agreed when it accepted the premium, and by the terms of the renewal receipt which it gave to insure against loss by fire during the period within which the loss actually occurred. The suit is not upon any contract entered into with the old firm, years before, and which contract had long before expired.

If there was no contract with Cohen, there was none with Floss and Adler. If the contract by parol which is the contract sued upon was not an existing contract, there

is no contract in the case, for the original agreement under seal had long since expired, and every material term of the original contract had been changed and modified by parol. The reference to the original policy in the several receipts does not make the policy the contract of the parties. *Luciani vs. Am. Fire Ins. Co.*, 2 *Wheat.*, 167 ; *McGowan's Case*, 16 *Md.*, 54–5; *Deale's Case*, 18 *Md.*, 52; *Shertzer's Case*, 46 *Md.*, 510.

Conceding for the sake of argument that the preliminary proofs of loss furnished to the defendant company, by the plaintiff, were insufficient or defective in the particulars suggested by the defendant, all right of objection on the ground of such insufficiency or defect, was waived by the defendant. The loss occurred on the 30th of April, 1886. The proofs of loss were delivered to the defendant at its office in Baltimore City, May 8th, 1886. By the terms of the policy, "subject to the conditions" of which the insurance was effected, the loss became payable in ninety days after proof of loss.

Three weeks after the receipt of the proofs of loss, the defendant, by its president, addressed to the plaintiffs, the letter of May 29, acknowledging their receipt. Every defect in the proofs of loss, the absence of the signatures of two of the partners, the fact that the affidavit was made by one partner instead of by all, the insufficiency of the account rendered of the items of loss, were patent upon the face of the papers, which had then been in defendant's possession for three weeks. No objection is made upon these or any other grounds to the regularity and sufficiency of the proofs of loss, within the meaning of the condition of the policy.

It was a case of waiver of all and any objection to the regularity and sufficiency of the proofs of loss. *Rokes vs. Amazon Ins. Co.*, 51 *Md.*, 520, 523–4; *Planters Mut. Ins. Co. vs. Engle*, 52 *Md.*, 482; *Planters Mut. Ins. Co. vs. Deford*, 38 *Md.*, 382, 398; *Frederick Co. Mut. Fire Ins.*

*Co. vs. Deford*, 38 *Md.*, 404, 415 ; *Franklin Fire Ins. Co. vs. Chicago Ice Co.*, 36 *Md.*, 102 ; *Franklin Ins. Co. vs. Coates*, 14 *Md.*, 285 ; *Edwards vs. Baltimore Fire Ins. Co.*, 3 *Gill*, 176 ; *Allegre vs. Maryland Ins. Co.*, 6 *H. & J.*, 136 ; 2 *Woods on Fire Ins., pages* 949, 950, 967, 968, 970, 2, and 3.

It is the duty of the insurer to specify objections to the proofs of loss, and the acceptance of the proofs, without notice of objection, is a waiver of all right to object upon any grounds of insufficiency, irregularity or informality. *May on Insurance, secs.* 468, 469 ; *Universal Fire Ins. Co. vs. Block*, 1 *Atlantic Reporter*, 523, 527 ; *Beatty vs. Lycoming Co. Ins. Co.*, 66 *Penn. St.*, 9 ; *Ben Franklin Fire Ins. Co. vs. Flynn*, 98 *Penn. St.*, 627 ; *Mercantile Ins. Co. vs. Holthaus*, 43 *Mich.*, 423.

The repudiation of any liability for the loss is a waiver of all imperfections in proofs of loss, and renders such imperfections immaterial. *Rumsey vs. Phœnix Ins. Co.*, 1 *Fed. Rep.*, 396 ; *Miller vs. Alliance Ins. Co.*, 7 *Fed. Rep.*, 649 ; *King vs. Hekla Ins. Co.*, 58 *Wis.*, 508 ; *O'Brien vs. Ohio Ins. Co.*, 52 *Mich.*, 131, 139.

ALVEY, C. J., delivered the opinion of the Court.

The two appeals, though in separate records, by and against the same parties, were argued together, and they will be considered together, as the records in both cases present substantially the same state of facts, and upon which the same questions were raised in the Court below.

The plaintiffs below, the appellees here, constituting a partnership under the name of S. W. Floss & Co., composed of Simon W. Floss, Henry M. Adler and Benjamin Cohen, and being the holders of two policies of fire insurance, issued by the defendants, the present appellants, sued the latter in two several actions of assumpsit, upon two several renewal receipts ; by which receipts, as it is alleged, new contracts of insurance were made, subject

to the same terms and conditions as the original contracts of insurance stated in the policies. Both policies were issued under the corporate seal of the defendants, but the renewal receipts for premiums paid were not under seal.

The first policy, No. 49,730, was issued on the 16th of April, 1877; and the second, No. 51,716, was issued on the 15th of April, 1878. The policies were each for an insurance of $2,500 on a stock of goods for one year. Other policies in other companies were held on the same stock of goods at the time of the fire, which occurred on the 30th of April, 1886; the aggregate amount of all the insurance being about $75,000. The total amount of loss, according to estimate, was $98,265.58. Notice and preliminary proofs of loss were furnished by the plaintiffs to the defendants on the 8th of May, 1886. The defendants refused payment, and the plaintiffs brought these actions.

The cases were tried on pleas of "never promised as alleged," "never indebted as alleged," and some others, alleging fraud, and failure to furnish legal preliminary proofs of loss, such as required by the conditions of the policies.

On the trial, the policies, with the several annual renewal receipts attached thereto, were read in evidence. The last of such receipts attached to policy No. 49,730, is dated April 16th, 1886, and the last attached to policy No. 51,716, is dated April 21st, 1886. It was then admitted that, at the date of the policies, the firm of S. W. Floss & Company consisted of S. W. Floss and Henry M. Adler, and that it was not until the 13th of January, 1882, that Benjamin Cohen became a member of the firm, and that he has continued a member ever since. The preliminary proofs of loss, furnished by the plaintiffs, were called for by them, and put in evidence.

In both cases, at the close of the evidence, the defendants submitted two propositions for instruction to the jury: 1st. That there was no sufficient evidence of any contract

Firemen's Ins. Co. *vs.* Floss & Co.

between the defendants and the plaintiff, Benjamin Cohen, as one of the members of the firm of S. W. Floss and Company, to entitle the plaintiffs to maintain the action, and that the verdict should be for the defendants: 2nd. That there was no sufficient evidence that the conditions of the policy, in respect to preliminary proofs of loss, were complied with before the institution of the suit, or that the defendants had waived the right to object to such non-compliance.

1. Policy No. 49,730 contains a covenant of the defendants for the payment of the amount insured, if the loss or damage insured against was sustained within the term of one year from the date of the policy, which would expire at noon on the 16th of April, 1878; and the defendants further covenanted, promised and agreed, to and with the assured, their executors, administrators and assigns, "that *this insurance shall continue and be in force* from the expiration of the time before mentioned for its duration, so long as the said assured, or their assigns, shall continue to pay the like premium, as hath been paid for this insurance, and so long as this corporation shall agree to accept and actually receive the same from the assured, or their assigns; provided, that a premium for a continuance of the insurance shall be actually paid by the assured, or their assigns, to this corporation, *before* the day limited for the termination of the risk, and such payment endorsed on this policy, or a receipt therefor given by this corporation."

The insurance was regularly continued, by the annual payments of such premiums as the defendants thought proper to demand, and renewal receipts were given as required by the policy. All the receipts are in the same form, and the last given reads thus:

" BALTIMORE, *April* 16, 1886.

Renewal receipt for policy No. 49, 730. Subject to conditions therein.

Received $15 from S. W. Floss & Co., being the premium on twenty-five hundred dollars, on mdse. (as per policy) situate at 318 W. Balto. St., insured by the Firemen's Insurance Company, *which is hereby continued in force,* and will terminate at 12 o'clock noon, on the 16th day of April, 1887." This receipt was regularly signed by the clerk of the company, though not under seal.

It is an established principle, that where the action is by several plaintiffs, they must prove either an express contract by the defendants with them all, or the joint interest of all in the subject of the suit. If the contract be with a partnership, it must appear that all who sue were partners at the time of making the contract; for one who has been subsequently admitted as a partner cannot join in the action, though it were agreed, as between the partners themselves, that he should become equally interested with the others in all the existing property and rights of the firm; unless, after the accession of the incoming partner, there has been a new and binding promise to pay to the firm as newly constituted. *Wilsford, et al. vs. Wood,* 1 *Esp.,* 182, 183; *Ord, et al. vs. Portal,* 3 *Camp.,* 340, *note; Ege vs. Kyle,* 2 *Watts,* 222; *McGregor vs. Cleveland,* 5 *Wend.,* 475; 2 *Greenl. Ev., sec.* 478. And this principle applies with great strictness where the contract is by specialty; for no one can be joined in an action thereon as plaintiff who is not a party thereto, or the representative of such party. The question, therefore, is, whether the policy No. 49,730, executed by the defendants *under seal,* and to which Cohen was not a party, constitutes the contract of insurance, existing at the time of the loss? or whether the last payment of premium, and the renewal receipt, constitute a new contract of insurance not under seal, and to which Cohen was a party, with reference to the previous policy for the purpose only of making such new contract subject to the terms and conditions set out in such policy? If the policy has been

continued, or attempted to be continued, as the subsisting contract of insurance, Cohen, not being a party thereto, could not be joined in the action, as co-plaintiff; nor could assumpsit be maintained by the partnership, as it existed at the date of the policy, for the loss sustained. And looking to the terms of the covenant in the policy, providing for the continuance or extension of the original contract of insurance, and keeping the policy in force, we are of opinion that this action cannot be sustained.

This case, so far as the right to maintain the action is concerned, is not distinguishable from the case of *Balto. Fire Ins. Co. vs. McGowan*, 16 *Md.*, 47. In that case, the policy *under seal* was for one year from its date, and contained a precisely similar covenant for the continuance in force of the insurance, from the expiration of that time, as that contained in policy No. 49,730, which we have re-cited. The renewal receipt was also in substantially the same terms as the renewal receipts attached to the policy here. There, at the date of the policy, the firm of J. McGowan & Sons consisted of three persons, and at the date of the renewal receipt it consisted of only two, one of the members having in the meantime retired, and it was held by this Court, that the renewal receipt, taken under the covenant in the policy, was not a parol new contract of insurance with the remaining members of the firm, upon which an action of assumpsit could be brought; but that the covenant in the policy contemplated the continuance or extension of the contract of insurance from year to year, *as a specialty*, and not as a parol new contract of insurance, to be evidenced by the renewal receipt; and therefore an action of assumpsit could not be maintained. That is exactly the case here, with the difference only, that, in *McGowan's Case*, a member of the firm had retired without change in the name of the firm, while in this case, before the last renewal, there had been an accession of a new member, without a

change in the name of the firm; so that neither in *Mc-Gowan's Case*, nor in this, were the members of the partnership the same at the time of the last renewal as when the policy was issued. It is, however, very clear that all the renewal receipts attached to the policy were given and accepted under the covenant in the policy, and with a view to a continuation or extension of the original contract of insurance, as therein set forth. This is so expressly declared on the face of the receipts, and it was with that understanding, and with a view to such being the case, that the plaintiffs made up and furnished their preliminary proofs of loss. There was, therefore, no new contract entered into by paying the premiums and taking the renewal receipts. That was the construction in the *McGowan Case*, and that decision has been recognized as a binding authority in subsequent cases in this Court. *Mutual Fire Ins. Co. vs. Deale*, 18 *Md.*, 52 ; *Shertzer vs. Mut. Fire Ins. Co.*, 46 *Md.*, 510. And such being the case, it follows that there was error in refusing to grant the defendant's first prayer, in the case based upon the renewal receipt attached to policy No. 49,730.

The other case, brought upon the last annual renewal receipt attached to policy No. 51,716, as a parol contract of insurance, is governed by a different principle from that of the preceding case. Here the original policy contains no such covenant for extension from year to year, as that contained in policy No. 49,730. The policy simply provides that the insurance should continue for the term of one year from its date, and expressly declares that it should continue *no longer*. The policy, therefore, *as a specialty*, did not admit of a continuation or extension from year to year, by any mere parol contract. The renewal receipts attached are all in the same form, and refer to the policy by number, and declare on their face that the insurance was thereby continued in force for the ensuing year. But these receipts, not being under seal,

could not have the effect of re-executing the policy, and continuing it in force as a specialty, for the several periods covered by the receipts. The receipts must be taken as evidence of new parol contracts for insurance, made with reference to the pre-existing policy, and subject to the terms and conditions therein contained. Such receipts are both contracts and receipts ; and so far as they are treated as contracts, they are regarded as having been made upon the same consideration and representation as the original contract, embraced in the policy referred to ; and wherever any changes are intended to be made in the terms or conditions of the original contract, such changes should be expressed in the renewal receipt. This is the principle as settled by numerous cases upon the subject, and this Court has fully recognized that principle in the cases of *Mut. Fire Ins. Co. vs. Deale,* 18 *Md.,* 52, and *Shertzer vs. Mut. Fire Ins Co.,* 46 *Md.,* 510.

It is insisted, however, that the defendants should not be held bound, even though the contract is evidenced by the renewal receipt, and therefore to be treated as a parol contract of insurance, because of the want of notice of the fact that the firm of the plaintiffs had been changed, by the introduction of Cohen as a partner, since the issual of the original policy. But to this we cannot accede. We know of no principle that requires, or authoritative case that holds, that notice in such case should be shown as a condition upon which the plaintiffs could recover. It is not shown, nor pretended, that there was any misrepresentation on the part of the plaintiffs as to the membership of the firm ; nor is it pretended that the defendants were misled or deceived in any respect in regard to the composition of the partnership. The parol contract of insurance sued upon was made with the firm of S. W. Floss & Co., and that partnership name represented all the members of the partnership at the date of the contract ; and the defendants must be taken to have contracted with the

partnership as then constituted. Any other principle would lead to the greatest uncertainty and difficulty in the dealings as between the partnership and third parties. Moreover, by the terms of the original contract, to which the subsequent parol contract is made subject, assignment of that contract, or of an interest therein, was permissible, with the consent of the insurance company ; and the new parol contract, made with the existing partnership, for a continuance of the risk, must be construed as consent given on the part of the defendants, to accept Cohen, the incoming partner, as one of the assured. In this case, therefore, the Court below was correct in refusing the first prayer of the defendants.

2. The next question raised relates to the preliminary proofs of loss, alleged to be defective for non-compliance with the requirements of the contract. The statement of particulars of loss were signed and sworn to by Adler alone, one of the firm, the other two partners failing to sign or swear to such statement. By one of the conditions of the policies in these cases, parties insured are required to render to the company, within a reasonable time, a full and particular account of their loss, and such statement "to be signed by their own hands, and verified by their oath or affirmation." Whether this provision requires, in all cases and under all circumstances, each and every person interested in a loss, covered by the policy, to sign and swear to the preliminary statement of loss, is a question not free of difficulty, but which we need not decide in this case ; as we are clearly of opinion that the right to take advantage of any defects or irregularities in such preliminary statement or proofs of loss has been waived by the defendants. The fire occurred on the 30th of April, and the statement of loss was furnished on the 8th of May following. The receipt of this statement of loss was acknowledged by the defendants, by letter dated the 29th of May, 1886, in which the plaintiffs were in-

formed that the company was not then prepared to say whether the statement was satisfactory, or, if unsatisfactory, in what respect. It is not shown that any objection whatever was ever taken, before suit brought, to the statement for what are alleged as defects therein. But, on the contrary, the refusal to pay was placed on totally different ground. So late as July 12th, Adler, one of the plaintiffs, called upon the president of the defendant company, and demanded payment of the amount alleged to be due, when he was informed by the president that the company would not pay, because, as he declared, the loss was unquestionably occasioned by an incendiary fire. If defect in preliminary proof had been made the ground of objection to payment, the supposed defect should have been pointed out, so that the plaintiffs could have had an opportunity to make the necessary correction. Good faith requires of an insurance company frank and open dealing with the assured, and if there be any withholding or failure to disclose objections to preliminary proofs, beyond a reasonable time after they are furnished, or if refusal to recognize the obligation to pay be placed upon other and distinct grounds than alleged defects in preliminary proofs, the company will be regarded as having waived all objection that could otherwise have been taken to such preliminary proofs as furnished. Here the failure to make known the objection, notwithstanding the lapse of time ; the fact that the defendants had themselves, with others, instituted an investigation into the circumstances and extent of the loss, and the placing the refusal to pay upon other and distinct grounds than the want of sufficient preliminary proofs, furnish the amplest ground for holding all objection to such proofs to have been waived by the defendants. If authorities for this proposition be needed, it is only necessary to refer to *Allegre vs. Md. Ins. Co.*, 6 *H. & J.*, 408, 412, 413 ; *Fred. Co. Mut. Ins. Co. vs. Deford*, 38 *Md.*, 404 ; *Rokes vs. Amazon Ins. Co.*, 51 *Md.*, 520 ;

*Planters Mut. Ins. Co. vs. Engle,* 52 *Md.,* 482; *May on Ins.,* (2*d Ed.*), *secs.* 468–9. It is therefore clear, the Court below committed no error in refusing to grant the second prayer of the defendants.

Upon the whole, the result is, that the judgment of the Court below in the case No. 21, on the docket of this Court, must be affirmed ; and the judgment of the Court below in the case No. 22, on said docket, must be reversed, without award of new trial.

*Judgment in No.* 21 *affirmed.*
*Judgment in No.* 22 *reversed.*

(Decided 22nd June, 1887.)