( Decided March 8th, 1867.)

## SAMUEL HOKE *vs.* JOSEPH WOOD ET AL.

CONTRACT : PLEADING : MATTER OF DESCRIPTION : EVIDENCE : VARIANCE.—In an action for damages for an alleged breach of a special verbal contract to sell and deliver on Monday the 18th of April, 1864, *thirty-six* head of cattle, at the price of $58 per head, amounting to $2,088, &c., the proof was, that the plaintiffs and defendant agreed on $58 per head for *thirty-five* head of cattle, &c., "or six cents per pound, if not taken away until Friday."—HELD :

1st. That it is not necessary to set out more of the alleged contract than pertains to the obligation, the breach of which is complained of; if the alternative qualifies the obligation, then the whole should be set out according to its legal effect or tenor.

2nd. That the plaintiff suing in this instance for non-delivery, on Monday, the 18th inst., the residue of the contract was irrelevant, and not material to be described.

3rd. That there is a material variance between the contract declared on and the contract proved by the plaintiffs, both as to the number of cattle sold and the aggregate sum to be paid, which matters being alleged as descriptive of the contract, must be proved as laid.

4th. That the elementary rules of evidence require the contract set out to be substantially proved; this is essential to the establishment of the identity of the claim.

5th. That the defendant is entitled to the benefit of this rule to protect himself by the verdict and judgment, if the same rights should come again in controversy.

6th. That the rule does not generally apply to allegations of number, except in those cases where they operate by way of limitation or description of other matters in themselves essential to the claim.

APPEAL from the Circuit Court for Frederick county.

This was an action by the appellees against the appellant for the recovery of damages for the alleged breach of a special verbal contract for the sale and delivery of cattle. The facts of the case are stated in the opinion of this Court.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and WEISEL, J.

*J. M. Palmer* and *O. Miller* for the appellant.

The three main questions raised in the several prayers and rulings of the Court, which will be urged by the appellant, are:

1st. That the plaintiffs cannot recover, because of a variance between the contract declared on and the contract proved.

2nd. That the plaintiffs cannot recover, because the contract proved is void by the 17th section of the Statute of Frauds.

3rd. That the Court below erred in refusing to instruct the jury on the question of payment and tender as prayed in the defendant's 5th, 6th and 7th prayers.

1st. Where there is a material variance between the contract declared on and that proved, the plaintiff must fail, and the objection can be raised either to the evidence when offered, or by a prayer to the jury after the evidence is in. *Bull vs. Schubertz,* 2 *Md. Rep.,* 56, 57. The contract set out in the declaration is a sale by the defendant to the plaintiffs of *thirty-six* head of beef and other cattle for $58 per head, to be paid for on delivery, and a promise by the defendant to deliver the same on the 18th of April, 1864, on his farm, when the plaintiffs agreed to take the cattle away. The contract proved is, in substance, this: In the latter part of March or the first of April, 1864, a verbal agreement was made between Hoke and Wood to this

effect, that if Wood would purchase Hoke's sheep, the latter would sell him the cattle and all the cows and calves he had to spare that spring. The sheep were purchased and nothing further was said about the cattle until the 16th of April, when Hoke and Wood went out to settle on the price of the cattle, and then, as Wood states it, "we agreed on $58 per head for *thirty-five* cattle, to be taken away on Monday, the 18th, or six cents per pound if not taken away until Friday. I had my choice to do either."

The variance between the contract thus proved and that stated in the declaration, is so obvious and fatal as to require nothing more than a mere statement of the two. The authorities, however, are numerous and directly to the point. *Williams vs. Bramble*, 2 *Md. Rep.*, 313. *Welch vs. Gilmor*, 3 *H. & J.*, 383. *Watkins vs. Hodges*, 6 *H. & J.*, 38. 6 *H. & J.*, 81. *Owings vs. Lowe*, 7 *H. & J.*, 133. 8 *G. & J.*, 248. 1 *Phillips' Ev.*, (*New Ed.*,) 836, 837, e. 1 *Chitty's Pl.*, 308, 305 to 317, 321, 296. *Hughes vs. Parker*, 8 *Mees. & Wels.*, 244.

2nd. The second point relates to that part of the 17th sec. of the Statute of Frauds which declares the sale invalid, except the buyer shall "give something in earnest to bind the bargain, or in part payment." It will be insisted, that there is no proof in the record by which this case can be brought within this exception. *Story on Sales*, secs. 273 to 275. *Chitty on Cont.*, 398, 399. *Walker vs. Nussey*, 16 *Mees. & Wels.*, 303, 305.

3rd. The third position is, that there was error in refusing to grant the defendant's 5th, 6th and 7th prayers, which raise the question of payment and tender. By the terms of the contract, the cattle were to be paid for in cash if the plaintiffs chose to take them on Monday. It was therefore their duty to pay or tender payment for them in full on that day. These prayers simply assert the obvious proposition of law, that the plaintiffs could not recover,

unless the jury should find from the evidence payment or tender of payment, on that day, of the full price agreed to be paid. There is, it is submitted, no good reason to be assigned why the jury should not have been so instructed. The refusal to grant these prayers was in effect to say that the plaintiffs could recover without proving payment or tender of the money. No authorities need be cited to show that a party cannot recover for a breach of a contract when he has not himself complied with its terms.

If the above positions, or either of them, can be maintained, the judgment must be reversed for the erroneous rulings of the Court on the several prayers of the defendant and of the plaintiffs. 20 *Bart.*, 473. *Davis vs. Davis*, 7 *H. & J. Davis vs. Burney*, 2 *G. & J. Cole vs. Hebb*, 7 *G. & J.*, 20, 28 and 3.

*G. Eichelberger* for the appellees.

The appellant's first exception presents for the decision of the Court the three following points :

1st. The materiality of the variance between the agreement set out in the declaration and the agreement proved.

2nd. Whether, under the proof in the case, the agreement was taken out of the Statute of Frauds ; or, more strictly, whether the requirement of the statute was gratified by the appellees giving something in earnest to bind the bargain.

3rd. Whether the appellees made a tender of payment, or were released from the necessity of making a tender, by the conduct of the appellant.

On the first point it is submitted on behalf of the appellees, that the variance is not a material variance, and is not such as would have justified the Court below in granting the appellant's 2nd, 3rd and 4th prayers. 1 *Chitty's Pl.*, 333, 344, 348, 6th *Am. Ed.* 1 *Moore*, 547. 1 *Barn. & Ald.*, 9. 2 *Moore*, 114. *Douglas*, 15. 8 *Taunt.*, 107.

*Miles vs. Sherwood*, 8 *East.*, 7, *marg. page. Hands vs. Burton*, 9 *East.*, 349. *Ferguson vs. Harwood*, 7 *Cranch.*, 408. *Wroe vs. Washington*, 1 *Wash. Rep.*, 357. *Gwinnet vs. Phillips*, 3 *T. R.*, 643. 1 *Greenlf. Ev.*, sec. 63. 5 *Taunt.*, 228. 1 *H. Bl.*, 283.

On the second point it is submitted, that by, the evidence in the case, it appears that the appellees, at the time of the purchase of the cattle in question, gave to the appellant nine sheep, for which they had paid as earnest to bind the bargain. It is submitted that this was sufficient under the statute to bind the bargain, and to give the appellees a right to demand the cattle on payment, tender or what was equivalent thereto. *Chitty on Cont.*, 374, 396, 392. 3 *Phil. Ev.*, 387. 7 *Taunt.*, (2 *Eng. C. L. Rep.*, 119.)

When the nine wethers were left with the appellant, and delivered to him by the appellees as an earnest to bind the bargain for the cattle, they became the appellant's property, and no subsequent agreement by the appellees to sell them, could divest Hoke's title until the cattle were paid for, and if Hoke chose to let Welsh take them away without payment, it was his own fault.

The agreement to sell the nine wethers to Warner and Welsh was void itself under the Statute of Frauds, and vested no title in Warner and Welsh, or either of them, apart from the appellant's claim to them.

On the third point, the appellees submit it is shown by the evidence in the record, that at 12 o'clock, M., on the 18th day of April, 1864, the day on which the appellees were to have the cattle at $58 per head, the appellant told them it was now past 12 o'clock, and they couldn't have the cattle ; that after borrowing the small sum of money lost, they returned, and after hunting the appellant all over the country, returned again to the farm of the appellant, and remained there till after sunset, but that the

appellant remained away, and the appellees were thereby prevented from paying the money. It is submitted, that under all the facts disclosed in the record, the readiness and offer of the appellees to pay the purchase money for the cattle on the farm of the appellant, and their being prevented or hindered from paying or tendering it by the appellant himself, is, in law, equivalent to a tender, and rendered the appellant liable. *Chitty on Cont.*, 737–8, 7*th American Edition. Hotham vs. East India Company*, 1 *T. R.*, 638. 7 *Bingham*, 237. 1 *Taunt.*, 12.

The appellant's second exception presents for the decision of the Court, the correctness of the instruction given by the Court below on the prayer of the appellees. The questions raised by this exception are the same as those presented by the appellant's first exception, and are submitted upon the views and authorities cited above.

Should the Court concur in the views presented by the appellees brief, it is submitted that the judgment of the Court below must then be affirmed.

BOWIE, C. J., delivered the opinion of this Court.

The appellees sued the appellant in this case, on the 19th of April, 1864, for damages, for an alleged breach of a special verbal contract to sell and deliver, on the 18th of April, 1864, *thirty-six* head of cattle, at the price of $58 per head, amounting to $2,088, which the plaintiffs aver they tendered to the defendant, who refused to accept the same and to deliver the cattle as agreed.

The defendant (the appellant) pleaded four pleas : 1st. That he never promised as alleged. 2nd. That he never made such an agreement. 3rd. That there was no delivery or earnest, or part payment to bind the bargain or any note or memorandum in writing of the supposed contract. 4th. That the plaintiffs never made any legal tender, as the plaintiffs have alleged.

Issues being joined, at the trial the plaintiffs and defendant offered evidence and submitted to the Court several prayers, upon the rejection and granting of which, three exceptions were taken, two by the appellant and one by the appellees.

The appellant's first exception is taken to the rejection by the Court of a series of prayers numbered 2, 3, 4, 5, 6, 7, 8, 9, 10, which announce propositions the reverse of those given by the Court, in their adoption of the appellees' prayer, the granting of which constitutes the appellant's second exception. In considering the one, we shall, therefore, incidentally dispose of the other.

The substance of the appellant's prayers is:

1st. That there is a material variance between the contract described in the appellees' *nar.* and that proved.

2nd. That unless the jury shall find from the evidence, that the contract declared on was made as alleged, the plaintiffs are not entitled to recover under the pleadings and evidence in the case.

3rd. There was no sufficient evidence of any earnest being given to bind the bargain.

4th. There was not sufficient evidence of a legal tender of the amount of the purchase money.

The necessity for considering the exception taken on the part of the appellees, will depend upon the result of our inquiry into the foregoing propositions of the appellant. As to the first proposition, that there is a material variance between the contract declared on and the contract proved by the plaintiffs, all the witnesses who speak on the subject concur, that on the 16th of April, 1864, the plaintiffs and defendant agreed on $58 per head for thirty-five head of cattle, to be taken away on the 18th. The alternative, "or six cents per pound if not taken away until Friday," is proved only by some of the plaintiffs' witnesses. It is not necessary to set out more of the alleged contract than pertains to the

obligation, the breach of which is complained of; if the alternative qualifies the obligation, then the whole should be set out according to its legal effect or tenor. 1 *Chitty's Pleading*, 304, *in marg.*, 11*th Amer. Ed.* The appellees suing in this instance for non-delivery on Monday, the 18th instant, the residue of the contract was irrelevant and not material to be described. But evidence of an agreement to sell thirty-five head of cattle at $58 per head, does not sustain the *nar.*, either as to the number of cattle sold or the aggregate sum to be paid, all of which being alleged as descriptive of the contract, must be proved as laid. 2 *Wms. Saunders*, 291. 1 *Chitty's Pleading*, 318.

The elementary rules of evidence require the contract set out to be substantially proved. This is essential to the establishment of the identity of the claim. "It is the legal, and not the natural identity which is regarded, consisting of those particulars only which are essential to the action or to the justification, or have become so by being inseparably connected by the mode of statement with that which is essential," &c. 1 *Greenleaf's Ev.*, 63.

The defendant is entitled to the benefit of this rule to protect himself by the verdict and judgment, if the same rights should come again in controversy. The rule does not generally apply to allegations of number, &c., except in those cases where they operate by way of limitation or description of other matters in themselves essential to the offence or claim. *Ibid., sec.* 63, *and notes.* 3 *H. & J.*, 383. 6 *H. & J.*, 38. *Ibid.*, 81. 8 *G. & J.*, 248.

The same precision of proof is required upon a plea or allegation of tender. *Chitty on Contracts*, 696, *in marg.*, (9*th American Edition.*)

The plaintiffs having failed to prove the contract as set out in the *nar.*, which, it must be remembered, is a special contract for a specific number of cattle, at a specific price, could not insist upon their right to recover under the de-

claration for the breach of another and different contract. Our system of pleading, though simplified, does not dispense with the essential rudiments of evidence. It does not permit plaintiffs to aver one thing and prove another. The prayers of the defendant, as far as they referred to the pleadings, were in the nature of demurrers to the evidence. The defendant's second, third and fourth prayers, involving the principle that "*allegata* and *probata*" must correspond, ought therefore, in our opinion, to have been granted.

The plaintiffs' prayer presented the converse of these propositions. Without analyzing it more particularly, it is sufficient to say, in this particular, in our opinion, it was erroneous and should not have been granted.

The questions arising on the other prayers of the appellant, referring to the sufficiency of the evidence to prove payment, or a tender of payment, or the giving of earnest to bind the bargain, are all subordinate to the main question, the proof of the contract, and the plaintiffs having failed in that, it is unnecessary to decide them.

As according to the principles advanced, the plaintiffs cannot recover in this action upon the pleadings and evidence, no *procedendo* will be ordered, and it is therefore unnecessary to express an opinion on the appellees' exception.

*Judgment reversed.*