THE MICHIGAN SHINGLE COMPANY v. THE LONDON &
LANCASHIRE FIRE INSURANCE COMPANY.

*Fire insurance—Warranty—Violation of policy—Parol evidence.*

1. The terms of a contract, in which the intent of the parties is
   clearly expressed, cannot be changed by parol evidence.

2. A shingle-mill company insured, under a blanket policy, its
   shingles then piled upon five docks near its mill, and warranted
   that a continuous clear space of 150 feet should thereafter be
   maintained between the insured property and the mill. The
   rate was much less where the designated space was maintained,
   and the company paid that rate of premium. Shingles were
   then piled on two of the docks within 25 or 30 feet of the
   mill. And it is held that the warranty was one *in futuro,*
   and that its violation by the assured rendered the policy
   void.

Error to Muskegon. (Dickerman, J.) Argued Febru-
ary 4, 1892. Decided May 6, 1892.

*Assumpsit.* Defendant brings error. Reversed. The
facts are stated in the opinion.

*Bunker & Carpenter* and *Thomas Bates,* for appellant.

*Smith, Nims, Hoyt & Erwin,* for plaintiff, contended:

1. The purpose of construction is to give effect to an instrument,
   not to defeat it; citing *Kiefer v. German Amer. Seminary,* 46
   Mich. 636, 640.

2. The insurer cannot be misled, even by a warranty, when at the
   time the contract is entered into he knew the actual condition
   of the risk, and such warranty is to be construed in reference
   to the subject-matter to which it relates, and the knowledge
   of the insurer as to the condition of the property; citing Wood,
   Ins. § 164, p. 316; and the issuance of a policy by the agent,
   with knowledge of facts constituting a forfeiture, estops the
   company from setting it up as a defense; citing *Insurance Co.
   v. Hall,* 12 Mich. 202; *Insurance Co. v. Lewis,* 30 Id. 41;
   *Insurance Co. v. Earle,* 33 Id. 143, 151.

3. In order to avoid the policy for misdescription as to the situation, condition, or location of the insured property, it must be an actual, material misdescription. If it is correct in substance, although not literally so, and does not materially change the risk, the policy will stand; citing *Meadowcraft v. Insurance Co.*, 61 Penn. St. 91.

GRANT, J. This is a suit on a policy of insurance dated July 5, 1890, for a loss which occurred September 9, 1890. The provision of the policy upon which the question involved arises is as follows:

"Warranted by the assured that a continuous clear space of 150 feet shall *hereafter* be maintained between the property hereby insured and any wood-working or manufacturing establishment, and that said space shall not be used for handling or piling of lumber thereon for temporary purposes, tramways, upon which lumber is not piled, alone being excepted. But this shall not be construed to prohibit loading or unloading within, or the transportation of lumber and timber products across, such clear space; it being specially understood and agreed by the assured that any violation of this warranty shall render this policy null and void."

The property insured was described in the policy as follows:

"Michigan Standard Policy. Lumber Clause. On lumber (lath and shingles, if any) owned by them or held in trust or on commission, or sold, but not delivered, piled on their docks, situated at Muskegon, Mich."

There is no dispute as to the terms of the order for the insurance, and the policy was written up in accordance with those terms. Mr. Ducey, plaintiff's agent, testified that in ordering the insurance of Mr. Barlow, defendant's agent, he told him that he wanted him to place $5,000 insurance on plaintiff's docks,—150 feet clear space.

Plaintiff had five docks, numbered 1 to 5. The property on docks 3, 4, and 5 was situated 150 feet from the mill, but on docks 1 and 2 shingles were piled to within

25 or 30 feet of the mill. These docks ran parallel to each other, with a space between them of from 34 to 36 feet. The rate where there was a space of 150 feet was much less than where there was a less space. Plaintiff paid the rate for 150 feet space. It had specific insurance on the property situated on docks 1 and 2, and also on docks 3, 4, and 5. The policy issued by the defendant was a "blanket" policy, covering them all. Plaintiff now seeks to limit the insurance to docks 3, 4, and 5, and was permitted to recover upon that theory.

This is in direct violation of the clear and explicit terms of the contract. The warranty was not one *in præsenti,* but *in futuro,* and it is of no consequence whether defendant's agent knew at the time of the issuance of the policy that plaintiff had shingles piled within 25 or 30 feet of the mill, on docks 1 and 2, and it is unnecessary to determine whether there is any evidence to sustain that claim. Parol evidence is incompetent to change the terms of a contract in which the intent of the parties is clearly expressed. It is unnecessary to cite the numerous cases decided by this Court in support of that proposition. The plaintiff violated this express provision of the contract, and thus rendered the policy void.

Judgment reversed, and no new trial granted.

Morse, C. J., Long and Montgomery, JJ., concurred. McGrath, J., took no part in the decision.