## CALEDONIAN INSURANCE COMPANY OF SCOTLAND *vs.* JULIUS TRAUB AND JACOB TRAUB, PARTNERS, ETC.

*Fire Insurance—Appraisal of Loss—Waiver of Preliminary Proof— Demand—Instructions on Segregated Facts—Pleading.*

In an action on a written contract, it is admissible in evidence if set forth in the declaration according to its legal effect.

Where a policy of fire insurance provided that in the event of a loss and a disagreement between the insured and the company as to the amount of the loss, the question should be submitted to appraisers, and a submission and award have been made in pursuance of the provision, then the same are admissible in evidence, and a witness should be allowed to identify them.

In such case, if the appraisers have properly performed their duties, the award is binding upon both parties.

A jury is authorized to find that the insurer waived the preliminary proof of loss required by the policy; if they find that the defendant company was notified of the loss, and that its agents visited the premises, took possession of the property, retaining it for several days, and subsequently offered to pay plaintiff the amount of an award, and denied its liability on other grounds than the absence of proof of loss.

A party has a right to ask for an instruction upon segregated portions of the evidence, but the conclusions arrived at must be consistent with the truth of all the other facts in evidence.

Therefore, in an action on a policy of fire insurance where there is evidence from which the jury may infer that the defendant had waived the preliminary proofs of loss of the character required by the policy, a prayer instructing the jury that the plaintiff cannot recover unless such preliminary proof was furnished, is erroneous.

And a prayer in such case instructing the jury that the plaintiff cannot recover if he did not furnish the preliminary proof of loss required by the policy, unless the jury find that the defendant waived compliance with the policy, is erroneous, because it submits a question of law to the jury. Waiver in this case, depending upon parol evidence of circumstances, was a matter to be determined by the jury under the instructions of the Court as to what circumstances are sufficient to constitute waiver.

Where the property was insured in four companies, and in an action against one it was agreed that, if the jury found for the plaintiff, the verdict should be for the full amount of the loss, which would be apportioned among the companies, and judgment entered against each company for its proportionate loss, then a prayer instructing the jury that the plaintiff can only recover such proportion of the loss that the policy sued on bears to the whole amount of the insurance on the property, is properly rejected.

When a contract of insurance has been made, followed by loss of the goods by fire, and waiver of preliminary proof by the insurer, then a right of action accrues, and no demand of payment is necessary.

Appeal from the Circuit Court for Carroll County.

This was an action on a policy of fire insurance, covering a stock of goods contained in a brick building in Union Bridge, Maryland. The jury returned a verdict for the plaintiffs, assessing their damages at $4,200; and, under the agreement of the parties referred to in the opinion of the Court, judgment was entered against this defendant for $1,020. The provisions of the policy relating to the estimate of a loss by appraisers, are as follows:

" This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation, however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality; said ascertainment or estimate shall be made by the insured and this company, or, if they differ, then by appraisers, as hereinafter provided; and the amount of loss or damage having been thus determined, the sum for which this company is liable pursuant to this policy shall be payable sixty days after due notice, ascertainment, estimate and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy." * * *

" In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this,

company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and failing to agree, shall submit their differences to the umpire, and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraiser respectively selected by them, and shall bear equally the expenses of the appraisal and umpire.

" This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required."

The agreement for submission to appraisers, signed by the parties, provided that the persons therein named "shall appraise, estimate and determine the actual cash sound value at the time of fire, and the loss and damage by fire to the property belonging to the said J. Traub & Bro., as specified below, which appraisement or estimate by them or any two of them in writing, as to the actual cash sound value and amount of loss and damage by fire shall be final and binding on both parties as far as regards such appraisement; it being understood that this appraisement is without reference to any other questions or matter of difference within the terms and conditions of the insurance, and is of binding effect only so far as regards the actual cash sound value and loss or damage by fire to property covered by policies," etc.

The award of the appraisers determined that the actual sound cash value of the property insured was $2,145.23, and the damage thereon was $1,043.08.

The plaintiffs' prayer is set forth in the opinion of the Court. The defendant offered the following prayers :

*Defendant's First Prayer.*—That unless the jury shall find that the plaintiffs, within sixty days after the 23rd day of July, in the year 1893, gave notice of the loss by fire of the goods and merchandise mentioned in the policy of insurance sued on in this action, and did render to the defendant's company a statement signed and sworn to by the plaintiffs, stating their knowledge as to the time and origin of the fire, the interest of the plaintiffs and all others in the property, the cash value of each item thereof and the amount of loss thereon, all incumbrances thereon, all other insurance, whether valid or not, covering any of said property, and a copy of all descriptions and schedules in all said policies, then the verdict of the jury must be for the defendant.

*Defendant's Second Prayer.*—That the burden is on the plaintiffs to prove that they furnished to the defendant the preliminary proof of their loss required by the conditions of the policy, and that it is not incumbent upon the defendant to prove that such proof was not furnished.

*Defendant's Third Prayer.*—If the jury shall find from the evidence in this case that the plaintiffs are entitled to recover in this action, then their verdict must be only such proportion of the loss that the policy sued on bears to the whole amount of insurance on the property in the declaration mentioned, that is, the one-fourth of the amount of the award under the appraisal.

*Defendant's Fourth Prayer.*—If the jury shall find that no demand has been made by the plaintiffs upon the defendant for the payment of the amount of the loss sued for, then they cannot recover in this action.

*Defendant's Fifth Prayer.*—If the jury shall find that the defendant's agent offered to settle said loss upon the basis of eight hundred and odd dollars, then such offer does not constitute a waiver of the conditions of the policy sued on.

*Defendant's Sixth Prayer.*—That from the pleadings and

evidence in this cause, the verdict of the jury must be for the defendant.

*Defendant's Seventh Prayer.*—If the jury shall find from the evidence that the plaintiffs did not, within sixty days from the date of the fire, render a statement to the defendant, signed and sworn to by said plaintiffs, stating the knowledge and belief as to the time and origin of the fire, the interest of the said plaintiffs and all others in the property, the cash value of each item thereof, and the amount of loss thereon, all incumbrances thereon, all other insurance, whether valid or not, covering any of said property, and a copy of all the descriptions and schedules in all policies, as by the terms of the policy set out, then the jury must find for the defendant, unless they shall find that the defendant waived or hindered or prevented the compliance of the plaintiffs with the conditions of the said policy of insurance.

*Defendant's Eighth Prayer.*—That there is no evidence in this cause that such preliminary proof of loss, as required by the conditions of the policy sued on in this action, was furnished by the plaintiffs to the defendant before the institution of this suit, and that there is no evidence that such preliminary proof of loss was waived by defendant, and that the plaintiffs are not entitled to recover in this suit.

*Defendant's Ninth Prayer.*—If the jury shall find there was a disagreement between the plaintiffs and defendant as to the value of the loss, and no appraisal of loss was made, then their verdict must be for the defendant, unless they shall find that the appraisal was prevented by some act of the defendant.

The Court below (ROBERTS, C. J., JONES and REVELL, JJ.) granted the plaintiffs' prayer, and rejected all of the defendant's prayers.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, PAGE and BOYD, JJ.

*James Hewes* (with whom were *Charles T. Reifsnider* and *Charles T. Reifsnider, Jr.*, on the brief), for the appellant.

*Harry M. Clabaugh* and *Benjamin Rosenheim* (with whom was *John M. Roberts* on the brief), for the appellees.

PAGE, J., delivered the opinion of the Court.

This action was brought by Julius Traub & Bro., against the Caledonian Insurance Company of Scotland, to recover upon a policy of insurance issued by the latter for the loss by fire of certain property mentioned therein. The declaration alleges that on the 20th day of March, 1893, by a policy of insurance, in consideration of ten dollars, the defendant company agreed with the plaintiffs to insure to the extent of $2,000 against loss or damage by fire, their stock of goods contained in the building mentioned, and to indemnify them for all such loss as they should suffer by fire, not exceeding the said sum, during the time from the "20th of March, 1893, to 20th of March, 1894," "the amount of said loss or damage to be paid in sixty days after due notice and proof of loss of the same;" that whilst the policy was in force and the plaintiffs were "interested" in the property, it was consumed, whereby the plaintiffs sustained a loss, and that forthwith they gave notice thereof to the defendant, and furnished to the defendant a full and complete account of their said loss, and were ready and willing to furnish the defendant such other documents and vouchers and proof of their loss as the defendant's officers or agents should reasonably demand, and that all times have elapsed and all things and conditions have happened and been performed to entitle the plaintiffs to said payment, and to have and maintain this action.

The pleas were: 1st, never promised as alleged; 2nd, never covenanted and agreed, &c.; 3rd and 4th, that the plaintiffs "did not, within sixty days, render a statement to the defendant stating the knowledge and belief of the said plaintiffs as to the time and origin of the said fire, and the

interest of the said plaintiffs and all others in the property, and all other insurance, whether valid or not, covering any of the said property." Replication to the 3rd and 4th pleas, waiver of the condition of the policy set out in the pleas, and joinder of issue as to the other pleas.

At the trial the plaintiffs offered to read in evidence the policy of insurance sued on, but the defendant objected, and the action of the Court in overruling the objection constitutes the defendant's first exception.

It may be remarked, there is no question before us as to the sufficiency of the declaration. That could have been raised by demurrer, a form of pleading to which the appellant did not choose to resort. But the *probata* must correspond with the *allegata*, and therefore unless the contract, to the admission of which as evidence objection is made, has been incorrectly set out in the *narr.* it ought to have been admitted *Seigman* v. *Hoffacker*, 57 Md. 326.

By the Code, sec. 3 of Art. 75, no particular form of words are required, nor is it necessary to set out more of the alleged contract than pertains to the obligation, the breach of which is complained of, and if the alternative qualifies the obligation, then the whole should be set out according to the legal effect. *Hoke* v. *Wood*, 26 Md. 460. We do not find there is a variation between the contract alleged in the *narr.* and the policy which the Court permitted to be read by the jury. There is no variation as to the parties, the date, the obligation to pay, or the time at which the payment became due, and the general statement, " that all times have elapsed and all things and conditions have happened and been performed to entitle the plaintiff to said payment and to have and maintain this action," applies to the several conditions in the policy. Whether the language employed by the pleader, in the clause just quoted, was so general as to be bad on demurrer, we are not called upon to determine. There was no error, therefore, in allowing the policy to go to the jury.

After the policy and other evidence touching the fire and

the plaintiffs' loss had gone to the jury, a witness for the plaintiff having stated on his examination in chief, that the insurance companies and the plaintiff had agreed to enter into an appraisement of the loss, the agreement in writing to submit to an appraisement and the award of the appraisers were offered to the witness, on his cross-examination, " for identification, as the paper signed by the plaintiff and on behalf of the companies and award." On objection by the plaintiffs' counsel, the Court refused to allow the papers to be so identified, and this constitutes the defendant's second bill of exceptions. This action of the Court was clearly wrong. The policy provided for the submission to appraisers of the matter of loss, in case of disagreement between the insured and the company, and if the appraisers properly performed their duties, their award was binding upon both parties. The witness had stated that the plaintiff and the defendants had agreed in writing to enter into an appraisement, and upon cross-examination the agreement to submit and the award were offered to him to be identified. Identification is the first step towards offering a paper to a jury. It must be first identified before it can be read. The refusal of the Court, therefore, to allow its identification under the circumstances stated in the bill of exceptions, was equivalent to a refusal to allow it to go in at all as evidence. The counsel for the defendants, it is fair to presume, so understood the ruling, for he seems to have made no further effort to get it before the jury. It is contended, however, that no injury was done to the defendant by this ruling, because at a later stage of the trial the paper was fully identified, and therefore there is no reversible error. But under all the circumstances, we are unable to take this view. The refusal to permit this witness to identify was made when the subject of the amount of loss was being considered by the witness; he had stated that the companies had offered to pay $800, and that they, with the plaintiffs, had agreed to an appraisal. The counsel, as we have said, presumably was led thereby to regard it as a re-

jection of the paper as evidence, and if this was so, and by reason thereof the paper was not offered in evidence, the defendants were deprived of testimony important to be considered by the jury in estimating damages.

The third bill of exceptions brings before us for review, the several instructions granted and rejected by the Court. The appellees' only prayer was granted, and nine, asked for by the appellants, were rejected.

The prayer of the appellees was, that if the jury find that the plaintiffs were insured by the defendants in the policy of insurance offered in evidence, and suffered a loss by fire, and that " the defendant company was notified of the said loss, as admitted by the defendant company, and shall further find that the adjuster of said defendant company, in response to the said notice, visited the place of fire, and shall further find that the said adjuster thereupon examined into the circumstances of said loss, and shall further find that he thereupon offered to pay to said plaintiffs the sum of money mentioned in evidence, and shall further find that the defendant company, or its agent, took the property of the plaintiffs into their possession and retained the same for the period of nineteen days ; and shall find that subsequently thereto the defendant company offered to pay plaintiffs the amount of an award, and denied its liability on other grounds than the absence of proof of loss, then the jury are at liberty to find from the evidence that the defendant company waived the necessity for all preliminary proofs of loss ; and if they find such waiver, then their verdict must be for the plaintiffs."

The bill of exceptions does not state a defect of proof to be the ground of objection to the prayer as required when such is the case by sec. 10 of Article 5, of the Code, and we are now only called upon to determine whether the conclusion of law therein stated is correctly drawn from the facts set forth. One of the issues before the jury was waiver *vel non*, and the purpose of the prayer was to instruct them what facts were needed to enable them to determine that in

favor of the plaintiffs. It is well settled that questions of waiver of the preliminary proofs required by a policy of insurance, when they depend upon mere parol evidence of facts and circumstances, are for the jury, under the instruction of the Court. *Citizens' Fire Ins. Co.* v. *Doll*, 35 Md. 102. And it is equally well settled, that when an insurer does that which is inconsistent with its intention to insist upon a strict compliance with the conditions precedent of the contract, it is treated as having waived their performance. 1 *Wood on Fire Insurance*, sec. 525, *et seq.*

This prayer authorized the jury to find that the defendant waived the necessity for the preliminary proofs required by the policy, if they believed that the defendant was notified of the loss, and that its agents visited the premises, took possession of the property and retained it for nineteen days, and that subsequently thereto offered to pay the plaintiffs the amount of an award, and denied its liability on other grounds than the absence of proof of loss. That these facts, if proven to the satisfaction of the jury, would in law constitute a waiver, has been substantially decided by this Court. In *Fireman's Ins. Co.* v. *Floss & Co.*, 67 Md. 417, it was said, "the failure to make known the objection, notwithstanding the lapse of time; the fact that the defendants had themselves, with others, instituted an investigation into the circumstances and extent of the loss, and placing the refusal to pay upon other and distinct grounds than the want of sufficient preliminary proofs, furnish the amplest ground for holding all objections to such proof to have been waived by the defendants." The question of waiver was fairly put to the jury by this prayer.

We are of the opinion that all the defendant's prayers were properly rejected. The first, second and fifth ignored all the evidence tending to prove the facts set out in the plaintiff's prayer. The defendant had the right to ask an instruction upon segregated portions of the evidence, but the conclusions thus arrived at must be consistent with the truth of all other facts offered in proof. *Winner* v. *Penniman*, 35 Md. 163.

If the jury found such facts as would constitute a waiver in law under the plaintiffs' prayer, the propositions contained in these prayers were moot questions, having no relevancy to the issues before them.

The seventh and eighth prayers submit a question of law to the jury.  Waiver in this case, depending as it did upon parol evidence of facts and circumstances, was a matter to be determined by the jury under the instructions of the Court.  There was also error in the eighth prayer, in instructing the jury that there was no evidence that the preliminary proof of loss was waived by the defendant.

The third prayer ought not to have been granted, because of the agreement of the parties, that if the jury found for the plaintiff they should assess " the whole damages and loss sustained by the plaintiffs."

If the jury found the contract of insurance, the waiver of the preliminary proof of loss, and the loss of the goods by fire, the right of action had accrued and no demand was necessary.  *Allegre* v. *The Md. Ins. Co.*, 6 H. & J. 408 ; and for this reason the fourth prayer was properly rejected.

The ninth prayer is defective in that whatever may be the law in respect to the nature of the arbitration clause contained in the policy as a condition precedent to the plaintiffs' right of recovery, the proof is clear there was an arbitration and an appraisal of the loss by arbitrators, though neither counsel offered any of the papers showing the results of it to the jury.  The prayer therefore presented an hypothesis of fact to the jury for which no support could be found in the evidence.  It was therefore properly rejected.

There being error in the ruling contained in the defendant's second exception, the judgment must be reversed and a new trial awarded.

*Judgment reversed and new trial awarded.*