SAMUEL ZALIS *v.* JOSEPH E. WALTER

[No. 59, October Term, 1941.]

*Decided December 4, 1941.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*William Saxon,* with whom was *Albert B. Huss* on the brief, for the appellant.

*V. Calvin Trice* for the appellee.

MARBURY, J., delivered the opinion of the Court.

This is a suit at law brought by the appellee against the appellant in the Circuit Court for Dorchester County, eventually moved to Somerset County, and there tried. After various preliminary proceedings, the case came to trial on the appellee's amended declaration and the amended bill of particulars to which the appellant pleaded the general issue. The amended declaration contained the common counts and a special count to the effect that the appellee sold and delivered to the appellant a lot of sewing factory machines, etc., on or about the 15th day of February, 1939, at Cambridge in Dorchester County, Maryland, where the machines were at that time said property being of the value of $3,367.50, which the

appellant promised to pay to the appellee, but which he failed to pay. The bill of particulars identifies these machines as those set forth in a written schedule under date of October 14, 1933, made by the appellant, itemizes the value of each machine, and gives the appellant credit for several sold in November, 1936, leaving the balance due the same as that claimed in the declaration.

On this state of the record, the case went to trial. A verdict was rendered for the appellee for $3,000, and from the judgment on this verdict the appellant comes here on appeal.

The questions presented by this record are the correctness *vel non* of the rulings of the trial court both on evidence and on prayers. The only prayers offered were three by the appellant, and all three were rejected by the court. The first was a demurrer prayer, the second a variance prayer, which, however, is bad as to form, and the third also a variance prayer, which states that there is no sufficient evidence tending to support the averment that the plaintiff sold and delivered to the defendant a lot of sewing machines, etc., on or about the 15th day of February, 1939, or tending to support the averment in the bill of particulars that the plaintiff sold to the defendant on February 15, 1939, the property set forth in a written schedule under date of October 14, 1933.

An examination of the evidence shows that the appellee's case was based upon an alleged agreement made by him with the appellant in 1924, by which the appellee put his machinery in a building of the appellant in Cambridge and went to work for the appellant on a salary and bonus arrangement. The understanding was that the machinery was to be kept in repair by the appellant, and whenever their relations were severed, the appellant was either to return the machinery to the appellee in the same condition it was when put in his building, or to pay him for it at the then market price. The appellee stopped working for the appellant on February 8th or 9th of 1939, and the sole testimony on which he relies to prove the agreement of February 15, 1939, is his own statement

of a conversation he had with the appellant, apparently after he had severed his connection with him. The conversation, in his own words, is as follows: "Well, he had a little piece of shafting up there and a few pulleys that was supposed to be turned over to me. I said, 'you haven't got nothing here.' He said well he thought the tables were at Greensboro. We went downstairs in the office. I said, 'Mr. Zalis, thinking this over, sooner than have any further disagreement or argument I will take $1,500 for my stuff. You have used for the last fourteen or fifteen years, and end it all here.' 'No,' he says, 'Couldn't do that.' We talked and talked and talked. Finally, he offered me a $1,000. The returning of the machines to me or putting them in repair, was never mentioned by either one of us. When I quit Mr. Zalis, my machines that I didn't sell were in the factory, but only a few of them were in operation. My machines could have been repaired and restored, but it would cost three or four times what they were worth when they were put there." Later on in cross-examination, he said: "When Mr. Zalis came with another man to the plant in the early part of February, 1939, neither he nor I said anything about the machines."

The appellee in his answer to the appellants demand for a bill of particulars as to the common counts said that each of these counts was for the recovery of the claim mentioned in the seventh or special count, and, therefore, the whole case rests upon the necessity of proving an agreement of February 15, 1939. The appellee contends that the testimony proves a bailment with the privilege or option of purchase, and that when the relations of the parties were severed in February, 1939, the option was exercised and the contract of sale dates from that time. The difficulty with this theory is that there is no evidence whatever of the exercise of the option. The appellee testified that he made the appellant an offer to sell the machinery, which the appellant declined. Then the appellant made an offer to buy the machinery, which the appellee declined. Here was no meeting of the

minds or any contract made. Assuming the appellee's evidence to be true, the most he has proved is a right under the agreement of 1924 to have the machinery returned, or a right to be paid damages for his failure to get it. In this connection it may be noted that the evidence nowhere showed that he made a demand for the machinery, and he himself says that its return was never discussed. The evidence offered does not prove, or tend to prove, any agreement made in February, 1939, on the theory of a bailment with an option of purchase.

There is another possible theory of the agreement of 1924 upon which the appellee might have had a claim against the appellant. The agreement might be construed as an alternative contract with the election by the promisor. In the case of such a contract, when the time for election arises, if the promisor neither performs nor elects, his breach of duty is not the failure to perform either particular one of the alternatives, but the failure to perform anyone. *Restatement of the Law of Contracts*, Paragraph 325, Comment E. "The damages for breach of an alternative contract are determined in accordance with that one of the alternatives that is chosen by the party having an election, or, in case of a breach without an election, in accordance with the alternative that will result in the smallest recovery." *Restatement of the Law of Contracts*, Paragraph 344. See also, 12 *Am. Jur. "Contracts,"* Paragraph 322, 17 *C. J. S. "Contracts,"* Paragraph 455. "Where the promise to do one or the other of certain acts is in the alternative the promisor is bound to perform in one of the methods specified, and, having the election, he can be charged with a breach only when he refuses to perform either." *Brockton Olympia Realty Company v. Lee,* 266 Mass. 550, 556, 165 N. E. 873, 876.

If we view the testimony upon this theory, and in the most favorable light for the appellee, as we must when considering a prayer to take the case from the jury, he has proved an alternative contract in which the appellant has neglected to perform either alternative although

the time for election has arrived. But that is not what was alleged in the declaration, and the appellant was not on notice that any such proof would be offered.

"It is not necessary to set out more of the alleged contract than pertains to the obligation, the breach of which is complained of; if the alternative qualifies the obligation, then the whole should be set out according to its legal effect or tenor. 1 *Chitty's Pl.*, 304, marg. * * *.

"The elementary rules of evidence require the contract set out to be substantially proved. This is essential to the establishment of the identity of the claim. * * *

"The defendant is entitled to the benefit of this rule to protect himself by the verdict and judgment, if the same rights should come again in controversy." *Hoke v. Wood,* 26 Md. 453, 459-460. See also *Mutual F. Ins. Co. v. Ritter,* 113 Md. 163, 77 A. 388.

The testimony in this case does not tend to support the contract alleged in the declaration upon either theory. Whether it is sufficient to support any other contract is immaterial, and is not before us in this case. The appellant's variance prayer, which is without a number, but which is the third and last prayer in the record, should have been granted, and the case withdrawn from the jury.

In view of our conclusions, it is unnecessary to discuss the various exceptions to the rulings of the trial court on the evidence.

> *Case reversed without a new trial with*
> *costs to the appellant.*